**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John V Feneck,<br><br>    Plaintiff,<br><br>v.<br><br>SBHU Life Agency Incorporated,<br><br>    Defendant. | No. CV-23-01473-PHX-ROS<br><br>**ORDER** |

Plaintiff John Feneck filed this action against Defendant SBHU Life Agency Inc. alleging negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing in connection with a lapsed life insurance policy. (Doc. 1, "Compl."). Defendant seeks dismissal of Plaintiff's claims (Doc. 18, "Mot."), arguing the claims fail because Defendant had no duty to notify Plaintiff of impending lapses in coverage. Because the complaint fails to state a claim, Defendant's motion will be granted. The Court will dismiss the complaint without prejudice and with leave to amend.

## I.   BACKGROUND

Plaintiff alleges the following relevant facts in the Complaint. In February 2002, Plaintiff purchased a life insurance policy from Lincoln National Life Insurance Co. ("Lincoln") through Christopher Zimpo (a former employee of Defendant) on the lives of his parents, providing for a $1 million death benefit to Plaintiff once both of his parents passed away. Compl. ¶¶ 5–7. Plaintiff's father has passed away, but his mother is still alive. *Id.* at ¶ 8. Zimpo left Defendant's employment soon after Plaintiff purchased the

policy. *Id.* at ¶ 9.

Plaintiff made timely quarterly payments on the policy until July 2021, paying approximately $122,364.18 in premiums over that time span. *Id.* at ¶¶ 10–11. Lincoln purportedly mailed two notices to Plaintiff at his home address and to Defendant in June 2021 and July 2021 stating he had to pay $2,749.89 before August 23, 2021 to prevent the policy from lapsing. *Id.* at ¶¶ 13–14. Plaintiff alleges he did not receive these notices. *Id.* Plaintiff made a regularly scheduled $2,500.00 payment toward the policy's premiums in late July 2021. *Id.* at ¶ 15. Lincoln purportedly mailed a third notice to Plaintiff and Defendant on August 2, 2021 informing Plaintiff his $2,500.00 payment was less than the $2,749.89 required to keep the policy active and again informing Plaintiff of the August 23, 2021 deadline for full payment. *Id.* at ¶ 16. Plaintiff alleges he did not receive this notice until the "end of August 2021," by which time the policy had lapsed. *Id.* at ¶¶ 17–18. After receiving the August 2, 2021 notice, Plaintiff attempted to make the additional $249.89 payment, but Lincoln refused to accept it, telling Plaintiff he could file for reinstatement. *Id.* at ¶¶ 19–20. Plaintiff filed for reinstatement in September 2021 and was denied in December 2021. *Id.* at ¶¶ 23–24.

## II. MOTION TO DISMISS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Defendant moves to dismiss the complaint, arguing Defendant had no duty to notify Plaintiff of lapses in insurance coverage and Plaintiff failed to adequately allege his contract claims. Mot. at 6–8.

### A.     Negligence (Count I)

Count I of Plaintiff's complaint alleges Defendant is liable for negligence because Defendant breached its purported duty to properly notify Plaintiff of the underpayment leading to lapse. Compl. ¶¶ 28–35. Defendant's motion argues this claim fails because insurance agents, who owe a duty to the insured in *procuring* insurance, *see Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 383, 397 (Ariz. 1984), have no ongoing duty to prevent or warn of coverage lapses, *see* Mot. at 6.

Plaintiff argues "[c]ourts have held that an insurance agent may owe an ongoing duty to an insured to notify the insured of a policy's cancellation." (Doc. 21 at 6, "Resp."). As Defendant points out in its reply, the two cases Plaintiff cites for this proposition are distinguishable because *Golden Rule* involved policy recission due to an agent's errors in procuring the policy and *Gist*—which did not establish such a duty, but instead declined to preclude the possibility of such a claim—was decided in a jurisdiction with no controlling authority on the scope of an insurance agent's duty. (Doc. 22 at 4–5, "Reply") (citing *Golden Rule Ins. Corp. v. Greenfield*, 786 F. Supp. 914 (D. Colo. 1992) and *Gist v. Aetna Cas. and Sur. Co.*, 641 F. Supp. 539 (W.D. Ark. 1986)).

Plaintiff next argues the collection of cases Defendant cites in arguing no ongoing duty on agents exists are inapposite because they are summary judgment rulings, not decisions on motions to dismiss. Resp. at 6. Although none of these cases from various state courts outside Arizona are binding in this matter, the procedural posture of the authority is immaterial because the holdings of the cited cases "present the scope of the legal duty," as Defendant argues in its reply. Reply at 5. Whether a duty is owed is a threshold question properly adjudicated on a motion to dismiss. *See Gipson v. Kasey*, 150 P.3d 228, 230 (2007) ("Whether the defendant owes the plaintiff a duty of care is a threshold issue; absent some duty, an action for negligence cannot be maintained.").

Plaintiff has not demonstrated Arizona law imposes any sort of continuing duty on an insurance agent related to ensuring continuity of policies long after procurement. Plaintiff's complaint thus fails to state a claim for negligence against Defendant. The Court will grant Defendant's motion with respect to Count I.

### B. Breach of contract (Count II)

Count II of Plaintiff's complaint alleges Defendant breached a contract with Plaintiff by failing to properly notify Plaintiff of the insurance policy's premium payment delinquencies to prevent lapse. Compl. ¶¶ 36–41. Defendant argues Plaintiff's breach of contract claim fails because Plaintiff has not pled sufficient facts to give rise to a prima facie case of breach of contract. Mot. at 7. To prevail on a breach of contract claim under Arizona law, a plaintiff must prove: (1) a valid contract existed; (2) breach; and (3) damages. *Graham v. Ashbury*, 540 P.2d 656, 657 (Ariz. 1975).

Defendant argues Plaintiff has not identified any contract between Defendant and Plaintiff because Plaintiff's complaint fails to allege any terms of the contract, when it was entered into, or how it required Defendant to provide notices to Plaintiff, alleging only that Plaintiff and Defendant "entered into a contract through which [Defendant] agreed to provide insurance agent services to [Plaintiff]." Mot. at 7–8 (citing Compl. ¶ 37). Plaintiff argues he has sufficiently alleged he and Defendant entered into a contract and that Defendant breached it. Resp. at 8–10. Plaintiff further argues "procedural rules do not require a plaintiff to attach the contract or recite its terms verbatim in order to allege the contract's existence." Resp. at 9. Defendant argues that although there is no requirement to attach a copy of any purported contract to a complaint, Plaintiff simply recites the breach of contract elements in the complaint. Reply at 6–8.

Plaintiff is correct that he need not recite the purported contract's terms verbatim to sufficiently allege its existence, but Plaintiff must go beyond the bare recitation of elements in his complaint. While Plaintiff alleges he and Defendant "entered into a contract" for insurance agent services, the complaint is otherwise void of details that would support finding a valid contract. *See* Compl. ¶ 37. Plaintiff alleges Defendant breached the

purported contract by failing to notify him of his payment delinquencies but does not allege *any* terms of the contract, let alone the term Defendant allegedly breached by failing to notify Plaintiff of impending lapse.  *See* Compl. ¶¶ 37–39.

The Court finds Plaintiff has not successfully alleged a valid contract existed between himself and Defendant.  Thus, Defendant's motion will be granted as to Count II, but Plaintiff will be given leave to amend to plead additional facts to allege a valid contract existed.

### C. Breach of implied covenant of good faith and fair dealing (Count III)

Count III of Plaintiff's complaint alleges Defendant breached the implied covenant of good faith and fair dealing by "prevent[ing] [Plaintiff] from receiving benefits to which he was entitled under the contract with [Defendant]." Compl. ¶¶ 43–45.  "The law implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986).  "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.*  While a breach of the implied covenant is not dependent on a breach of an express contractual term, *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434–35 (Ariz. Ct. App. 2002), it is certainly dependent on the existence of a valid contract.

Because the Court has found Plaintiff failed to allege the existence of a valid contract, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails.  Defendant's motion will be granted as to Count III, but Plaintiff will be given leave to amend to plead additional facts to allege a valid contract existed.

*       *       *

Accordingly,

…

…

…

…

…

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 18) is **GRANTED**. Plaintiff's complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND.** If Plaintiff amends, he must file an amended complaint within fourteen days of this Order and Defendant shall respond to it by the deadline required by the Federal Rules of Civil Procedure. If Plaintiff does not amend, no later than fourteen days of this Order Plaintiff must file a statement setting forth that no amendment will be filed.

Dated this 12th day of June, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge