**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John V. Feneck,<br><br>    Plaintiff,<br><br>v.<br><br>SBHU Life Agency Incorporated,<br><br>    Defendant. | No. CV-23-01473-PHX-ROS<br><br>**ORDER** |

Plaintiff John Feneck filed a First Amended Complaint ("FAC") against Defendant SBHU Life Agency Inc. alleging negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing in connection with a lapsed life insurance policy (Doc. 26, "FAC") after the Court dismissed Plaintiff's original Complaint alleging the same claims (Doc. 23). Defendant again seeks dismissal of Plaintiff's claims on the same bases as in its original motion to dismiss—that (1) Defendant had no duty to notify Plaintiff of impending lapses in coverage and (2) Plaintiff failed to sufficiently allege the existence of a contract between the parties. (Doc. 28, "Mot."). Plaintiff responded (Doc. 31, "Resp."), and Defendant replied (Doc. 34, "Reply"). For the reasons set forth below, Defendant's motion is granted as to the negligence claim and denied as to the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

**I.     BACKGROUND**

In the previous Order dismissing the Complaint, set forth the factual background. (Doc. 23). The facts in the FAC remain largely unaltered. Thus, where relevant, the Court

repeats those facts here.

In February 2002, Plaintiff purchased a life insurance policy from Lincoln National Life Insurance Co. ("Lincoln") through Christopher Zimpo (a former employee of Defendant) on the lives of his parents, providing for a $1 million death benefit to Plaintiff once both of his parents passed away. (FAC ¶¶ 5–7). Plaintiff's father has passed away, but his mother is still alive. (*Id.* at ¶ 8). Zimpo left Defendant's employment soon after Plaintiff purchased the policy. (*Id.* at ¶ 10).

Plaintiff made timely quarterly payments on the policy until July 2021, paying approximately $122,364.18 in premiums over that time. (*Id.* at ¶ 12). Lincoln allegedly mailed two notices to Plaintiff at his home address and to Defendant in June 2021 and July 2021 stating he had to pay $2,749.89 before August 23, 2021 to prevent the policy from lapsing. (*Id.* at ¶¶ 14–15). Plaintiff alleges he did not receive these notices. *Id.* Rather, Plaintiff allegedly made a regularly scheduled $2,500.00 payment toward the policy's premiums in late July 2021. (*Id.* at ¶ 16). Lincoln purportedly mailed a third notice to Plaintiff and Defendant on August 2, 2021 informing Plaintiff his $2,500.00 payment was less than the $2,749.89 required to keep the policy active and again informing Plaintiff of the August 23, 2021 deadline required for full payment. (*Id.* at ¶ 17). Plaintiff alleges he did not receive this notice until the "end of August 2021," by which time the policy had lapsed. (*Id.* at ¶¶ 18–19). After receiving the August 2, 2021 notice, Plaintiff attempted to make the additional $249.89 payment, but Lincoln refused to accept it, telling Plaintiff he could file for reinstatement. (*Id.* at ¶¶ 20–21). Plaintiff filed for reinstatement in September 2021 and was denied in December 2021. (*Id.* at ¶¶ 24–25).

## II. MOTION TO DISMISS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

**A. Negligence (Count I)**

Plaintiff has re-alleged a negligence claim (FAC ¶¶ 29–37) despite the Court not allowing him to do so. (Doc. 23 at 3–4). Again, as made clear four months ago: Plaintiff has failed to establish Arizona law imposes any sort of continuing duty on an insurance agent related to ensuring continuity of policies long after procurement. Plaintiff's inclusion of an additional factual allegation and reliance on the same unpersuasive legal authorities does not change the outcome.

However, Plaintiff insists the Court "distinguish or address" an unpublished case from the District of Idaho applying Idaho state law, *Lynch v. N. Am. Co. for Life and Health Ins.*, 2016 WL 3129107 (D. Idaho June 2, 2016). (Resp. at 7 n.1). His reliance on *Lynch* is amiss. The *Lynch* court, on a motion to dismiss, found the negligence claim similar to Plaintiff's here adequate. *Lynch*, 2016 WL 3129107, at *2, *5. The allegation was that that an insurance agent owes a duty to an insured beyond the initial procurement of the policy. *Id.* But the facts in *Lynch* were notably different from those here. The *Lynch* court relied on established Idaho law that supported the plaintiff's claim to survive a motion to dismiss.[1] But there is no such favorable Arizona authority that would credit Plaintiff's claim here.[2]

---

[1] *Lynch* relied on an Idaho Supreme Court case, *McAlvain v. Gen. Ins. Co. of Am.*, 554 P.2d 955 (Idaho 1976), holding "there may be situations which arise when the insurance agent undertakes additional duties, thereby becoming the agent of the insured because the agent agreed to undertake on the insured's behalf a duty apart from and not required by its duties owed to the insurer …. In such a case, the liability of the agent to the insured would be predicated on the general rule that an agent is liable to its principal for losses engendered by its breach of duty." *Lynch*, 2016 WL 3129107, at *3.

[2] In their briefings, the parties discuss *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383 (1984). The court stated, "[a]n insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in

Plaintiff also argues that a duty may arise from a special relationship rooted in contract. (Resp. at 8). However, Plaintiff has not alleged sufficient facts to claim a special relationship, nor would such facts be helpful. The Arizona Supreme Court has cautioned:

> A fact-specific analysis of the relationship between the parties is a problematic basis for determining if a duty of care exists. The issue of duty is not a factual matter; it is a legal matter to be determined before the case-specific facts are considered …. Accordingly, this Court has cautioned against narrowly defining duties of care in terms of the parties' actions in particular cases.

*Gipson v. Kasey*, 150 P.3d 228, 232 (Ariz. 2007). Plaintiff has failed to show Arizona law imposes a duty upon Defendant to notify Plaintiff of impending lapses in coverage when Plaintiff was notified by Lincoln. Defendant's motion is granted as to Count I, and the negligence claim is dismissed with prejudice.

### B. Breach of Contract (Count II)

Plaintiff's amended breach of contract claim passes muster under the federal notice pleading requirements. The FAC alleges facts beyond a bare recitation of breach of contract elements. It alleges the timing when the purported contract was created and its material terms that gave rise to a breach. (FAC ¶ 39).

The Court takes the factual allegations as true and draws all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Notice pleading does "not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "Effective

---

procuring insurance," but did not contemplate any ongoing duties beyond procurement. *Id.* at 397. As Plaintiff admits in his response, there are no Arizona cases that extend the duties of insurance agents beyond policy procurement. (Resp. at 7). Notably, the *Darner* court cited to certain sections of 43 AM. JUR. 2D INSURANCE. *Darner*, 140 Ariz. 383 at 397. Section 150 states, "an agent that had procured the policy has no duty to notify the insured of its impending expiration if the policy and notices were sent directly to the insured by the carrier and not through the agency." 43 AM. JUR. 2D INSURANCE § 150. "Federal courts sitting in diversity do not create state law …. [They] predict only what state courts might do when state law is unclear." *Crozier v. Wint*, 736 F.3d 1134, 1138–39 (8th Cir. 2013) (internal citations omitted). Therefore, when faced with the same question, an Arizona court would inevitably rely on *Darner* and the persuasive authority cited within it.

notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004).

Plaintiff has provided Defendant enough information to apprise it of its claim, including the existence of a contract. Plaintiff alleges the parties formed a contract in February 2002 when Plaintiff purchased the Policy, wherein Defendant agreed to keep Plaintiff "apprised of significant changes or issues with his Policy," and that Defendant breached the contract by "failing to notify" Plaintiff of the impending lapse on the Policy, causing the Policy to lapse. (FAC ¶¶ 6, 9, 38–43). Though the FAC does not allege facts with specificity, dismissing the breach of contract claim would impose a greater hurdle for clearing the federal pleading standard than is required. "While [plaintiff's] breach of contract claim was not artfully plead, it was sufficiently pled under federal notice pleading standards." *Remedi8, LLC v. All. Envtl. Group, LLC*, 2024 WL 1829617, at *2 (C.D. Cal. Feb. 5, 2024). Further, the Ninth Circuit permits pleading allegations on the basis of information and belief, as Plaintiff has pled, when the information necessary to establish the allegations are within the defendant's control. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). This is allowed out of "practical necessity." *Id.* (quoting 5 Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 1224 (3d ed., updated 2013). Defendant here would have the requisite information to either substantiate or refute Plaintiff's allegations.[3]  Thus, Defendant's motion as to Count II is denied.

**C. Breach of Implied Covenant of Good Faith and Fair Dealing (Count III)**

Because Plaintiff has sufficiently pled the existence of a valid contract, the claim for breach of the implied covenant of good faith and fair dealing is also sufficient. "The

---

[3] Relatedly, Defendant argues Plaintiff's allegations do not elucidate whether the alleged breach is of a written, oral, or implied contract. (Reply at 11). However, the elements for stating a claim for breach of any type of contract are functionally the same. *See generally T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 872 (N.D. Cal. 2015).

law implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* A breach of the implied covenant is not dependent on a breach of an express contractual term. *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434–35 (Ariz. Ct. App. 2002). The FAC alleges Defendant breached the implied covenant of good faith and fair dealing by "prevent[ing] [plaintiff] from receiving benefits to which he was entitled under the contract with [Defendant]." (FAC ¶ 46). Defendant's motion as to Count III is denied.

\*   \*   \*

Accordingly,

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**. Count I of the FAC is **DISMISSED WITH PREJUDICE**.

Dated this 14th day of November, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge