WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John V Feneck,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SBHU Life Agency Incorporated,<br><br>　　　　Defendant. | No. CV-23-01473-PHX-ROS<br><br>**ORDER** |

Before the Court is Defendant's Motion to Stay this action pending the resolution of Plaintiff's legal malpractice case pending in Maricopa County Superior Court. (Doc. 49, "Mot."). Plaintiff opposes the Motion. (Doc. 54, "Resp."). Defendant has replied. (Doc. 57, "Reply"). For the reasons set forth below, the Court will deny the Motion.

**I.   Background**

Over 20 years ago, Plaintiff purchased a variable universal life insurance policy (the "Policy") from The Lincoln National Life Insurance Co. ("Lincoln Life"). Plaintiff purchased the Policy though an insurance producer who worked at SBHU Life Agency ("Defendant") and left shortly after the purchase. Lincoln Life was contractually required to notify Plaintiff of any lapse under the Policy. In 2021, Lincoln Life allegedly sent Plaintiff three notifications of an impending lapse and a notice of lapse with instructions to apply for reinstatement. Plaintiff alleges he did not receive, or timely receive, those notices. He then applied to reinstate the Policy and Lincoln Life denied his request.

Plaintiff filed three separate actions related to these events to recover the value of

1  the Policy. The first—in August 2022 against Lincoln Life, which was removed to the
2  District of Arizona from the Maricopa County Superior Court and ultimately dismissed by
3  stipulation in November 2023 after the court twice denied Plaintiff's request to add
4  Defendant SBHU to the suit. The second—the instant case against Defendant SBHU in
5  July 2023, wherein the two remaining counts are breach of contract and breach of the
6  implied covenant of good faith and fair dealing. And the third—in May 2024 for legal
7  malpractice against Plaintiff's former counsel, who represented him in the first proceeding
8  against Lincoln Life.

9        Defendant contends Plaintiff recently disclosed the existence of his pending legal
10 malpractice suit, which requires Plaintiff to prove he would have succeeded in his original
11 suit against Lincoln Life. Because Plaintiff seeks monetary damages for for the value of
12 the Policy in the instant suit, Defendant argues this suit will be rendered moot if he prevails
13 in his legal malpractice action. He thus argues a stay of this proceeding is warranted.

14 **II.**    **Discussion**

15        **A. Applicable Stay Standard:** *Landis* **or** *Colorado River*

16       As an initial matter, the parties dispute the applicable legal standard in this
17 circumstance. Defendant contends the Court may stay this action under *Landis v. N. Am.*
18 *Co.*, 299 U.S. 248 (1936). The authority for a stay under *Landis* arises from a court's
19 inherent power "to control the disposition of the causes on its docket with economy of time
20 and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Leyva*
21 *v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may,
22 with propriety, find it is efficient for its own docket and the fairest course for the parties to
23 enter a stay of an action before it, pending resolution of independent proceedings which
24 bear upon the case."). Plaintiff, on the other hand, contends the proper legal standard for
25 evaluating stays of federal actions due to related state-court litigation is the more restrictive
26 standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S.
27 800 (1976).

28       In exceptional circumstances, "considerations of wise judicial administration,

giving regard to conservation of judicial resources and comprehensive disposition of litigation" can support a stay of federal litigation in favor of simultaneous and related state proceedings. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024) (citing *Colorado River*, 424 U.S. at 813, 817). The Ninth Circuit in *Ernest Bock* expressly held the *Colorado River* factors, not the courts' inherent docket-management powers under *Landis*, "control whether a stay can issue in favor of parallel state proceedings." *Ernest Bock*, 76 F.4th at 843 (citing *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) ("To permit a district court to rely solely on its inherent power to control its docket, when the effect of the district court's order is to accomplish the same result contemplated by *Colorado River*, would allow a court to bypass the rigorous test set out by the Supreme Court.").

Defendant argues *Colorado River* is not controlling because parallelism between the federal and state cases is not present. But parallelism is a threshold requirement in evaluating whether to grant a stay under the *Colorado River* factors, not whether to apply the doctrine in the first place. The federal and state proceedings need only be "simultaneous and related" for the *Colorado River* doctrine to apply. *Ernest Bock*, 76 F.4th at 842. It is undisputed that the proceedings are simultaneous and related. Indeed, Defendant concedes "there are overlapping factual determinations between the legal malpractice lawsuit and this lawsuit." (Mot. at 5). Thus, the *Colorado River* doctrine will guide the Court's analysis.

### B. Application of *Colorado River*

"A district court may, in its discretion, stay or dismiss a federal case in favor of related state proceedings: (1) when an action seeks only declaratory relief or (2) when exceptional circumstances exist." *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012) (internal citations omitted). Courts consider the following eight factors to determine whether exceptional circumstances exist:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether

>federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

As stated, "[p]arallelism is a threshold requirement for a Colorado River stay." *Ernest Bock*, 76 F.4th at 838 (holding that where "federal and state proceedings are not sufficiently parallel, a *Colorado River* stay may not issue"); *United States v. State Water Resources Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (the eighth factor, parallelism, should be addressed "as a preliminary matter"). While "exact parallelism" is not necessary, the two federal and state proceedings must be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). That is, deciding to invoke *Colorado River* "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. (Moses Cone)*, 460 U.S. 1, 28 (1983). The state court action must be "an adequate vehicle for the *complete* and prompt resolution of the parties." *Ernest Bock,* 76 F.4th at 841 (emphasis in original); *Intel Corp. v. Adv. Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) ("A district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation.") (citation omitted).

In this case "there [is] a realistic probability—bordering on certainty—that one of the […] anticipated outcomes in state court […] w[ill] require additional proceedings in federal court." *See Mendocino Railway v. Ainsworth*, 113 F.4th 1181, 1192 (9th Cir. 2024) (citation omitted). The only way the state legal malpractice action could render the instant proceeding unnecessary or moot is if the state-court defendant is found liable for the full amount of Plaintiff's damages. Any other result would fail to obviate these proceedings. Thus, there is a "realistic probability that a federal controversy will remain after the state proceedings are complete." *Mendocino Railway*, 113 F.4th at 1192; *see Riaz v. Henry*, 2024 WL 2835713, at *4 (E.D. Cal. June 4, 2024) (denying motion to stay upon finding that a state appellate court may reverse a ruling leaving the federal court with something

"further to do").

"Since [this Court] find[s] that there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary ... to weigh the other factors included in the *Colorado River* analysis." *State Water Res. Control Bd.*, 988 F.3d at 1208 (quoting *Intel Corp.*, 12 F.3d at 913 n.7).  Further, "[a] docket management stay may not issue in favor of parallel state proceedings if the *Colorado River* factors do not support a stay." *Ernest Bock*, 76 F.4th at 843.  However, the Court would deny a stay even upon consideration of the *Landis* factors[1] because Defendant has not sufficiently shown a persuasive case of hardship or inequality in proceeding in this action.  Defendant's assertion that the result of the state court action will affect how it approaches its litigation strategy does not justify staying this proceeding for an unknown duration and delaying potential recovery.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*") (citation omitted).  Thus, a stay is not warranted under either *Colorado River* or *Landis*.

Accordingly,

**IT IS ORDERED** Defendant's Motion to Stay (Doc. 49) is **DENIED**.

Dated this 14th day of March, 2025.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] The three *Landis* factors include (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Landis*, 299 U.S. at 248.